**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ADALID GARCIA-FUENTES,** | : | |
| | : | |
| **Movant,** | : | |
| | : | |
| **v.** | : | **Case No. 5:22-cr-058-MTT-CHW-1** |
| | : | **Case No. 5:25-cv-112-MTT-CHW** |
| **UNITED STATES OF AMERICA,** | : | **28 U.S.C. § 2255** |
| | : | |
| **Respondent.** | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Before the Cour tis Movant Adalid Garcia-Fuentes' Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C.§ 2255. (Doc. 54). For the following reasons, it is **RECOMMENDED** that the Court **GRANT** the portion of the motion alleging ineffective assistance of counsel for failure to file an appeal, **VACATE** its judgment, and resentence Movant to the same sentence so that Movant may commence a direct appeal. It is further **RECOMMENDED** that the remaining ground of the motion be **DISMISSED WITHOUT PREJUDICE**.

**BACKGROUND**

On January 9, 2024, Movant, with the assistance of counsel, pleaded guilty to one count of Distribution of Heroin under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i). (Docs. 34, 56). At sentencing, the Court sentenced Movant to 135 months imprisonment. (Doc. 46). Judgment was entered on May 9, 2024. (Doc. 48). Movant did not file an appeal. *See* (Docket). On March 17, 2025, Movant, *pro se*, filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 alleging that his trial counsel failed to file an appeal as directed. (Doc. 54). The Government

responded on May 13, 2025, conceding that Movant's Section 2255 motion be granted to the extent that his original conviction be vacated and the same sentenced be reimposed to allow Movant to file a timely direct appeal. (Doc. 57). As discussed below, Ground One of Movant's Section 2255 motion should be granted and Movant be resentenced.

**DISCUSSION**

It is undisputed in this case that Movant's trial counsel did not file a direct appeal. In support of his argument that he directed counsel to file an appeal, Movant attaches correspondence from counsel in which counsel states "although I filled out our attorney appeal form, your case was never submitted for an appeal. I take full responsibility for not making sure that the appeal was actually filed." (Doc. 54-2). The Government acknowledges this correspondence and concedes that Ground One of Movant's motion has merit. (Doc. 57, p. 6). Based upon the record and the Government's response, Movant's counsel was ineffective in failing to commence a direct appeal on behalf of Movant. *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable") (citation omitted). For that reason, it is **RECOMMENDED** that the Court vacate its judgment, reimpose the same sentence, advise Movant of his appellate rights, and advise Movant of the 14-day window, running from the date of the re-imposed sentence, to file a notice of appeal. *See United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000) (citing FED. R. APP. P. 4(b)(1)(A)(i)). It is further **RECOMMENDED** that attorney Charles Cox be appointed to represent Movant on appeal.

Movant raised other issues in his pending Section 2255 motion. Because granting an out-of-time appeal is meant to place a movant in a position as if the failure to file a notice of appeal had not occurred, it is **RECOMMENDED** that the remaining portions of his Section 2255 motion

be **DISMISSED without prejudice**. *See McIver v. United States*, 307 F.3d 1327, 1332 (11th Cir. 2002) ("[A]n order granting a § 2255 petition, and reimposing sentence, resets to zero the counter of collateral attacks pursued") (citation omitted).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 16th day of November, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge